```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**PLAQUEMINE TOWING CORPORATION**                **CIVIL ACTION**

**VERSUS**                                       **NO. 09-5481**

**GREAT AMERICAN INSURANCE**                     **SECTION "B"(4)**
**COMPANY OF NEW YORK**

<u>**ORDER AND REASONS**</u>

Before the Court is Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. No. 23).

For the following reasons, **IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. No. 23) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Consider Motions for Summary Judgment Contemporaneously (Rec. Doc. No. 31) is hereby **DISMISSED AS MOOT.**

The Plaintiff is in noncompliance with the express dictates of the Rule 16 Scheduling Order (Rec. Doc. No. 7). The motion is untimely. The Scheduling Order issued on June 17, 2010 provides that case-dispositive pre-trial motions must be filed and heard on a regular motion day **no later than February 11, 2011.** It reads on page one as follows:

> All case-dispositive pre-trial motions...shall be filed and served in sufficient time to permit hearing thereon no later than FEBRUARY 11, 2011...Any motions filed in violation of this order shall be deemed waived unless good cause is shown.

(Rec. Doc. No. 7). The last available hearing date prior to the

**February 11, 2011** deadline was February 2, 2011.  Therefore, Plaintiff was required to file and serve its motion in time for proper hearing on February 2, 2011.  Plaintiff's Motion for Partial Summary Judgment was filed on January 25, 2011 and not set for hearing until March 2, 2011.  Although Plaintiff maintains that a clerical error caused the hearing date to be set for March 2, 2011 instead of the earliest available date, February 16, 2011, the latter date is still in violation of the deadline provided in the Scheduling Order.

Further, Plaintiff failed to remedy its noncompliance by filing a motion for leave to file an untimely motion for summary judgment, but instead filed a Motion to Consider Motions for Summary Judgment Contemporaneously (Rec. Doc. No. 31), referencing Defendant's timely Motion for Summary Judgment (Rec. Doc. No. 16), which is set for hearing on February 2, 2011.  Defendant opposes this motion (Rec. Doc. No. 30), noting that in addition to violating this Court's Scheduling Order, granting such motion would allow Plaintiff to circumvent Local Rule 7.2E[1] and would result in actual and severe prejudice to Defendant.  Moreover, Plaintiff

---

[1]Local Rule 7.2E provides in pertinent part:

Unless otherwise ordered by a judge in a particular case, motions must be filed not later than the fifteenth day preceding the notice hearing date and at least fifteen days actual notice of hearing must be given to opposing counsel whether notice is served by mail or by delivery under FRCvP 5(b).

failed to present evidence of "good cause"[2] to justify hearing the untimely motion for summary judgment.  The motion is denied on this ground.

New Orleans, Louisiana, this 3rd day of February, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The "good cause" standard focuses on the diligence of the party seeking the modification to the scheduling order.  *Callais v. Susan Vizier, Inc.*, No. 99-2008, 2000 WL 278097, at *4  (E.D. La. March 13, 2000)(citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).  The Fifth Circuit has equated good cause with excusable neglect, explaining that "inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and that some showing of 'good faith ... and [a] reasonable basis for noncompliance within the time specified is necessary to show good cause." *McDonald v. U.S.*, 898 F.2d 466, 467 (5th Cir. 1990).  Likewise, the absence of prejudice to the nonmovant is insufficient to demonstrate "good cause." See *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).  Instead, the movant must establish that he could not have reasonably met the scheduling deadline despite his diligence.